## LeBovit v. Zoning Hearing Board of Palmer Township

*Jackson Sigmon*, for appellant.
*Thomas Stitt*, for appellees.

GRIFO, J., September 11, 1972.—This matter is before the court on a motion to quash and/or dismiss an appeal from the decision of the Zoning Hearing Board of Palmer Township granting a variance for the construction of a veterinary hospital.

In December of 1971, the appellee, Dr. Murray Glickman, purchased a lot in Palmer Township for the purpose of immediately beginning construction of a veterinary hospital. In February of 1972, Dr. Glickman became aware of the fact that the tract on which he had begun construction was located in an I-2 Zone, an industrial transitional zone, and that in order to continue building, a variance would have to be obtained.

On February 28, 1972, a hearing was held by the Zoning Hearing Board of Palmer Township to deter-

mine whether or not to grant Dr. Glickman a variance. At the hearing, the appellant, Dr. George LeBovit, appeared and made a statement opposing the granting of the variance to Dr. Glickman.

On March 1, 1972, the variance was granted. On March 29, 1972, Dr. LeBovit filed a Zoning Appeal Notice in the Court of Common Pleas of Northampton County, which was received by the Northampton County Sheriff's office on March 30, 1972. The notice was forwarded to the office of the Sheriff of Philadelphia County for service upon the appellee, Dr. Glickman. The records of the Sheriff of Northampton County indicate that service was made on Dr. Glickman on April 13, 1972, which was, under the Municipalities Planning Code, 10 days late.

The Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. 805, no. 247, art. X, §1005(c), 53 PS §11005(c) (hereinafter called M.P.C.), provides that within five days after the zoning appeal is filed appellant shall serve a copy of the zoning appeal notice upon the owner "in the manner specified by the Rules of Civil Procedure for the service of a complaint in equity, and shall file proof of such service."

The Rules of Civil Procedure provide that a complaint in equity may be served "by the sheriff *or a competent adult*[1] within the time and in the manner provided for the service of a writ of summons in an action of assumpsit": Pennsylvania Rule of Civil Procedure 1504(a). Rule 1009 dealing with service of a complaint in assumpsit sets out the procedure for service.

Appellant argues that because service had to be made in Philadelphia County, compliance with the five-day limitation was impossible and requests the

---

[1] Italics supplied.

court to allow service nunc pro tunc. Appellant fails to recognize that by choosing the alternative of service by the sheriff, rather than a "competent adult," as provided by Pa. R.C.P. 1504(a), he is deemed to have accepted the risk that, in so proceeding, he would be unable to comply with the five-day statutory requirement. Under no stretch of the imagination is it impossible for a "competent adult" to complete service from Easton to Philadelphia within the time and in "the manner provided for the service of a writ of summons in an action of assumpsit."

The legislative intent, in §1005(c) of the M.P.C., clearly takes into account the possibility of the delays involved in the service of appeal notices, and therefore provided for service as in equity where alternatives are provided, rather than in assumpsit where no alternative to service by the sheriff, other than where he is a party to the action, is provided.

Further, "appeals in zoning cases are creatures of statute and the Court feels it must be governed strictly by the procedure as set forth in P.S. 53 §11001-11012": McKay v. North Huntingdon Township Board of Adjustment, 52 Westmoreland 199 (1970). " 'Where a statute fixes the time within which an act must be done, as for example an appeal taken, courts have no power to extend it, or to allow the act to be done at a later date, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act nunc pro tunc' ": Siragusa v. Shapero, 31 Del. Co. 395 (1942).

Accordingly, the court enters the following

## ORDER

And now, to wit, September 11, 1972, motion to quash the appeal is granted.